UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-10029-CR-Martinez/Garber

UNITED STATES OF AMERICA,

v.

ANTONIO COMIN,

Defendant.
_____/

## REPORT AND RECOMMENDATION

THIS CAUSE is before the Court by Order of Reference from United States District Judge

Jose M. Martinez for a Report and Recommendation "as to the appropriateness of Defense Counsel's

CJA Voucher."

## FACTUAL BACKGROUND AND DISCUSSION

The defendant Comin was indicted on September 24, 2013, and was charged in 103 out of

104 Counts of the Indictment, charging him with encouraging and inducing aliens to enter the United

States, with alien smuggling for private financial gain, and with aiding or assisting certain aliens to

enter the United States.

Attorney Mauricio Aldazabal was appointed on February 19, 2014 to represent the defendant

Comin, such appointment made pursuant to the Criminal Justice Act, and he participated in the case

from the date of his appointment until July 30, 2014. Following a trial of six days, the defendant was

convicted in Counts 1through 60, 62 through 64, 82 through 84, 86 through 92, and 94 through 102.

He was sentenced on July 7, 2014 to a total term of 240 months imprisonment. [DE 393]. Mr.

Aldazabal now seeks attorney's fees, costs, and expenses to which he is entitled for his service in this cause. [DE 70].

The Court has carefully reviewed and considered Mr. Aldazabal's submission. It is clear that this cause is "extended" because of the amount of discovery, time required in its examination, time for trial preparation, consultations with the defendant, family members, experts, and witnesses, as compared to the average case. 18 U.S.C. §3006A(d)(3). The Court also finds that the case is "complex" because of the numerous defendants, the substantial number of counts, especially those charging the defendant Comin and the government's classifying the defendant as the "mastermind of the alien smuggling organization." As a result of such reference, the government sought an upward departure to a sentence of 262 months, requiring substantial efforts by defense counsel in researching issues pertaining to such upward departure.

The defendant was generally unsupportive in providing assistance to his attorney in preparing a defense in the case. The discovery was massive, including in excess of 16 CD/DVDs of intercepted telephone calls, videos of pursuits of the defendant's boats by the Coast Guard, and hundreds of documents. This case was clearly complex.

In addition, because the defendant was in custody in Key West, it was necessary for Mr. Aldazabal to travel to Key West for court proceedings and consultation with his client. Following the defendant's conviction, Mr. Aldazabal had to go to Key West for the sentencing.

The case required each defense attorney to become familiar with all of the activity of all defendants leading up to the Indictment, which required a great expenditure of time. The fact that the case was tried in Key West required defense counsel to expend time and incur costs and expenses in travel on two occasions, as well as appearances in Fort Lauderdale.

In the face of compelling evidence as to his guilt, the defendant maintained his claim of innocence. Despite efforts of Mr. Aldazabal to obtain a plea agreement, the defendant rejected such idea and exercised his right to a trial, claiming that the government had no evidence against him. Mr. Aldazabal spent an enormous amount of time in preparation for the trial, as is evidenced by the entries contained in his application for fees and costs. He claims that his representation of the defendant was difficult because of the defendant's refusal to cooperate in trial preparation, providing counsel only with medical records. The only obvious choice for counsel and defendant was to proceed to trial.

The Court has examined and carefully considered each entry in Mr. Aldazabal's application. I find that each entry reflects that the time expended was necessary and reasonable to fulfill his legal obligations of representation of the defendant. The fees and costs sought will provide fair and just compensation for Mr. Aldazabal, who handled the defense in a professional and competent manner.

The Court finds that travel expenses for lodging, parking, meals, and mileage were all necessary, reasonable and appropriate.

## CONCLUSION AND RECOMMENDATION

Based upon the foregoing, the undersigned hereby finds that due to the fact that this cause is complex and extended, the statutory cap of $9,800.00 should be exceeded. Accordingly, the undersigned

RECOMMENDS that counsel's request for fees in the amount of $16,238.60 should be awarded. In addition thereto, the undersigned recommends that an additional $1,998.24, as claimed by Mr. Aldazabal, be awarded for reasonable and necessary costs, for a total award of $18,236.84.

The parties have fourteen (14) days from the date of this Report and Recommendation within which to file written objections, if any, with United States District Judge Jose M. Martinez.  See 28 U.S.C. §636 (1991).  Failure to file timely objections may bar the parties from attacking on appeal the factual findings contained herein.  LoConte v. Dugger, 847 F.2d 745, 750 (11th Cir. 1988), cert. denied, 488 U.S. 958 (1988).

RESPECTFULLY SUBMITTED at the United States Courthouse, Miami, Florida this 8th day of September 2014.

BARRY L. BARBER
UNITED STATES MAGISTRATE JUDGE